David BENAVIDES, Appellant,

v.

DALLAS–FORT WORTH INTERNATIONAL AIRPORT BOARD, Appellee.

No. 2–96–186–CV.

Court of Appeals of Texas,
Fort Worth.

May 15, 1997.

---

Paul D. Rich and Janine M. Fritz, Dallas, for Appellant.

Cynthia Hollingsworth and Allison L. Freeman, Gardere & Wynne, L.L.P., Dallas, for Appellee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

DAY, Justice.

Appellant David Benavides appeals from a summary judgment for appellee Dallas–Fort Worth International Airport Board (DFW). Benavides sued DFW under the Texas Tort Claims Act (TTCA). The trial court granted summary judgment for DFW on the basis that Benavides did not provide DFW with formal written statutory notice or actual notice of his claim as required by the TTCA. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(a), (c) (Vernon 1986).

Benavides raises two points of error. First, he argues that the summary judgment for DFW was improper because DFW had actual notice of his claim. Next, he contends that the summary judgment was improper because there is a fact issue regarding whether DFW had actual notice of his claim. Benavides argues that the police report submitted to DFW reporting the accident, combined with the police report of a previous, similar accident at the same location, provided the necessary actual notice. Because these police reports do not convey to DFW its possible culpability, we affirm the judgment of the trial court.

## BACKGROUND

Benavides sued DFW for property damage and personal injuries resulting from a single-car accident north of Dallas–Fort Worth Airport. At the time of the accident, the weather was bad. It had been misting and had just begun sleeting. Benavides took the service road through the airport on his way to work. The accident happened on the north end of the airport as Benavides tried to exit the service road and enter International Parkway. He lost control of the vehicle, and it slid sideways, striking a yield sign. The vehicle stopped when it struck a bridge support on International Parkway. The airport police prepared an accident report indicating that the vehicle rotated, knocked down a yield sign, and struck a bridge support post. The report states that the factor and condition that contributed to the accident was Benavides's failure to control his speed.

DFW was created by the joint actions of the Cities of Fort Worth and Dallas, Texas under the specific authority of the Municipal Airports Act. *See* Act of April 10, 1947, 50th Leg., R.S., ch. 114, §§ 14–15, 1947 Tex.Gen. Laws 183, 188–90 (amended 1995) (current version at TEX.TRANSP.CODE ANN. §§ 22.001–.002, 22.071–.159 (Vernon Pamph.1997). Thus, it is a "unit of local government" as defined in the TTCA. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(b) (Vernon Pamph.1997). On the grounds that as a governmental unit, it was entitled to notice of a claim against it under the TTCA and that it received neither formal written statutory notice nor actual notice as required by the TTCA, DFW moved for summary judgment and for severance of its claims from the claims against other defendants. The trial court granted the motion.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *see Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Cate*, 790 S.W.2d at 562; *Great Am. Reserve*

*Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston,* 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to present competent controverting evidence that proves the existence of a genuine issue of material fact on the element challenged by the defendant. *See Centeq Realty,* 899 S.W.2d at 197.

## DISCUSSION

Because DFW is a governmental unit, any claim brought against it must be brought under the TTCA or it will be precluded by the doctrine of sovereign immunity. *See University of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). Thus, DFW was entitled to receive either formal written statutory notice or actual notice of his claim against it.[1]

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> > (1) the damage or injury claimed;
> >
> > (2) the time and place of the incident; and
> >
> > (3) the incident.
>
> . . . .
>
> (c) The notice requirements ... do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986). This notice requirement is to assure prompt reporting of claims so that the governmental unit can gather the necessary information to guard against unfounded claims, settle claims, and prepare for trial. *See Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981).

The parties do not dispute that Benavides did not provide DFW with formal written notice of his claim against it under section 101.101(a) of the TTCA. Benavides argues

1. The law is unclear regarding which party has the initial burden of proof on TTCA's notice requirement. The Texas courts of appeals are in disagreement. *See Harrison v. Texas Dep't of Criminal Justice–Institutional Division,* 915 S.W.2d 882, 890, (Tex.App.—Houston [1st Dist.] 1995, no writ) (plaintiff alleged notice and defendant failed to deny it so lack of notice not a ground for recovery); *Texas Tech Univ. Health Sciences Ctr. v. Apodaca,* 876 S.W.2d 402, 411 (Tex.App.—El Paso 1994, writ denied) (notice is an element that need not be pleaded and may be deemed found if there is sufficient evidence); *Huckabay v. Irving Hosp. Found.,* 802 S.W.2d 758, 761 (Tex.App.—Dallas 1990, writ denied) (notice is an indispensable element of the plaintiff's cause of action); *Texas Dep't of Corrections v. Winters,* 765 S.W.2d 531, 532 (Tex.App.—Beaumont 1989, writ denied) (notice is a defense that is waived if not raised). Benavides pleaded notice in his original petition and DFW generally denied it. DFW specifically controverted that it had received notice in its motion for summary judgment. In its brief, DFW states that notice is both an "essential element" of Benavides's case and an affirmative defense. Regardless, the issue of proper notice has been raised.

merely that DFW had actual notice of his claim or that there was at least a fact issue regarding whether DFW had actual notice. The Texas Supreme Court has held that actual notice to a governmental unit requires knowledge of:

- a death, injury, or property damage;
- the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and
- the identity of the parties involved.

See Cathey, 900 S.W.2d at 341.

As summary judgment proof, DFW offered the affidavit of Leslie Young, a legal assistant who had the responsibility of handling every claim of injury filed with DFW regarding the airport. She stated that DFW did not have notice that Benavides claimed DFW had any culpability for his accident within six months after the accident and that the police report did not indicate DFW's possible culpability.

The evidence Benavides offered to attempt to controvert this affidavit was the police report of a substantially similar, previous accident and deposition testimony of the chief of police for DFW. However, none of this evidence indicates that DFW had actual notice that Benavides was claiming that DFW was at fault in producing or contributing to his injuries or damages. The police report from Benavides's accident reported that:

Unit # 1 was travelling northbound on the N. Service Rd., attempting to exit on to N. International Pkwy. Unit # 1 rotated, knocking down a yield sign, and slammed in to [sic] a bridge support post causing damage to the vehicle and injury to the driver.

The police report from the substantially similar accident stated that:

Unit # 1 was travelling northbound in the 1300 block of northbound service [sic]. Unit # 1 took the on ramp to northbound Int'l Pkwy. Unit # 1 went through a puddle of water and lost control of his vehicle. Unit # 1 collided with the North Airfield Drive bridge pillar.

Neither of these reports suggests any culpability on the part of DFW.

The chief of police's testimony indicated that the investigating officer's duties as a police officer included investigating the scene, completing the accident report, and submitting the report to DFW. After the completed report is reviewed by the officer's supervisor, it is placed in the records of the DFW Department of Public Safety. The chief further testified that the report alerted DFW to the circumstances surrounding the accident. Although this testimony indicates that the police report informed DFW of Benavides's injury and property damage and the identity of the party involved, nothing indicates that the police report should have placed DFW on notice of its alleged fault producing or contributing to the injury and property damage.

Benavides argues that the chief's testimony establishes that DFW had a duty to investigate accidents, complete and maintain accident reports, maintain the safety of the roads, and make decisions regarding the safety of roadway travel at the airport. Even assuming this is true, it does not mean that DFW had notice that Benavides claimed his accident was DFW's fault. Moreover, the fact of a substantially similar accident at the same location is not evidence that DFW had notice that Benavides claimed his accident was DFW's fault. Nothing in the police report of the previous accident would have indicated to DFW that it was at fault for even the previous accident. Simply having a duty to investigate an accident does not impart knowledge that the accident victim is claiming one is culpable.

No evidence controverts Young's affidavit that DFW had no notice that Benavides was claiming it was culpable for this accident. The controverting evidence provided by Benavides does not raise a fact issue that DFW had actual notice of any alleged culpability on its part producing or contributing to any injury to Benavides.

Accordingly, we overrule points of error one and two and affirm the judgment of the trial court.