COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-263-CV
 
TEXAS DEPARTMENT OF TRANSPORTATION                                               
APPELLANT
V.
ROY FRANKLIN BLEVINS, AND BONNIE BLEVINS,                                         
APPELLEES
AS NEXT FRIEND FOR MICHELLE AND MICHAEL
BLEVINS, MINORS
------------
FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
------------
OPINION
------------
In this interlocutory appeal, the Texas Department of Transportation (TxDOT)
challenges the trial court's denial of its plea to the jurisdiction, raising one
point: the trial court erred by refusing to dismiss the case for want of
jurisdiction because Appellees failed to give the formal or actual notice
required by Texas Civil Practices and Remedies Code Section 101.101. We reverse
and render.
FACTS
Appellees' complaint arises from a fatal injury to Ernest Blevins. On August
1, 1996, Blevins lost control of a 25,000 pound propane truck after hitting a
concrete bridge abutment. When the truck struck the abutment, it traveled up and
along the concrete rail and came to a stop at some point after passing the
opposite end of the bridge. The force of the accident ejected Blevins from the
vehicle, fatally injuring him.
Appellees contend that TxDOT's failure to flush out its metal guard fence
constituted an actionable maintenance defect. Appellees theorize that if the
guard fence had been fastened so as to be flush with the inside face of the top
of the concrete rail, then the rear tire might not have ridden up, or at least
not quite so high, and Blevins might have had a better chance to regain control
of his truck.
TxDOT filed a plea to the jurisdiction stating that, because Appellees failed
to follow the rules in the Texas Tort Claims Act that authorize suit, the trial
court did not have jurisdiction over TxDOT due to a waiver of sovereign
immunity. The trial court denied the plea to the jurisdiction, and TxDOT filed
this interlocutory appeal.
STANDARD OF REVIEW
We review the question of whether a trial court has subject matter
jurisdiction de novo as a legal question. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998); Denton County v. Howard, 22 S.W.3d
113, 118 (Tex. App.--Fort Worth 2000, no pet.). A plea to the jurisdiction
contests the authority of a court to determine the subject matter of the cause
of action. Dolenz v. Tex. State Bd. of Med. Examiners, 899 S.W.2d 809,
811 (Tex. App.--Austin 1995, no writ). The plea raises incurable defects in
jurisdiction which are shown on the face of a plaintiff's pleadings, taking the
pleadings' allegations as true. Id. (citing Bybee v. Fireman's Fund
Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960)). If well taken, the trial court
must sustain the plea and dismiss the cause. Id.
DISCUSSION
Texas has long recognized that sovereign immunity, unless waived, protects
the State, its agencies, and its officials from lawsuits for damages. County
of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). Under the Texas Tort
Claims Act, the Legislature has waived sovereign immunity only in certain
limited and narrow circumstances. Kerrville State Hosp. v. Clark, 923
S.W.2d 582, 584 (Tex. 1996). Section 101.025 of the Act provides that "[s]overeign
immunity to suit is waived and abolished to the extent of liability created by
this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (Vernon
1997).
The Texas Supreme Court has held that, "[o]nce the plaintiff invokes the
procedural devices of the Texas Tort Claims Act, to bring a cause of action
against the State, then he is also bound by the limitations and remedies
provided in the statute." State Dep't of Highways & Pub. Transp. v.
Dopyera, 834 S.W.2d 50, 54 (Tex. 1992). To avoid dismissal for lack of
subject matter jurisdiction, a plaintiff must fully comply with all the
provisions of the Act. Putthoff v. Ancrum, 934 S.W.2d 164, 173 (Tex.
App.--Fort Worth 1996, no writ).
The dispute in this case surrounds whether Appellees gave formal notice of
their intent to sue TxDOT or whether TxDOT had actual notice of Appelles' claim
within the six months that section 101.101 of the civil practices and remedies
code requires. This section states, "A governmental unit is entitled to
receive notice of a claim against it under this chapter not later than six
months after the day that the incident giving rise to the claim occurred. The
notice must reasonably describe: (1) the damage or injury claimed; (2) the time
and place of the incident; and (3) the incident." TEX. CIV. PRAC. &
REM. CODE ANN. § 101.101(a) (Vernon 1997).
In the present case, TxDOT asserts that Appellees gave no notice of the claim
until nearly two years had elapsed. Appellees agree that they never gave formal
notice of the claim to TxDOT, but contend that the agency had actual notice of a
possible claim under Section 101.101(c). Section 101.101(c) states that "[t]he
notice requirements provided or ratified and approved by Subsections (a) and (b)
do not apply if the governmental unit has actual notice that death has occurred
. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c) (Vernon 1997).
Appellees contend that TxDOT had actual notice of the possible claim, because a
lethal accident occurred and TxDOT had a representative at the scene of the
accident.
Appellees claim to base their interpretation on the plain language of section
101.101. They point to the fact that we have determined in earlier cases that
the statute is unambiguous. See State v. Kreider, 44 S.W.3d 258, 262
(Tex. App.--Fort Worth 2001, pet. denied) ("We have previously recognized
that the language contained in this particular notice provision is plain and
unambiguous."). Appellees contend that the plain meaning of the act shows
that, once a fatality has occurred, the State has actual notice of possible
culpability.
The supreme court has interpreted the requirements for actual notice under
section 101.101. See Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
The court in Cathey stated that actual notice under 101.101(c) requires
the State to have knowledge of (1) a death, injury, or property damage; (2) the
governmental unit's alleged fault producing or contributing to the death,
injury, or property damage; and (3) the identity of the parties involved. Id.;
Dallas-Fort Worth Int'l Airport Bd. v. Ryan, 52 S.W.3d 426, 428-29
(Tex. App.--Fort Worth 2001, no pet.); Benavides v. Dallas-Fort Worth Int'l
Airport Bd., 946 S.W.2d 576, 579 (Tex. App.--Fort Worth 1997, no writ).
Appellees claim that they have shown evidence that TxDOT had knowledge of all
three of these requirements. The facts show that while Blevins drove a propane
truck on a rural route, he struck the side of a bridge causing his truck to
overturn and eject him. The truck began to leak propane after the accident, but
eventually the safety seals in the tank sealed the leak. Jess Wood, acting on
behalf of TxDOT, investigated the accident. His job description required him to
be present at accidents where hazardous chemicals had been spilled and to
investigate possible safety and liability concerns on Texas roads. Appellees
claim that, through the investigation, TxDOT became aware of Blevins's death and
of TxDOT's possible culpability.
A TxDOT employee called Wood to the scene of the accident in order to assess
the damage done to the bridge due to the accident, to assess a possible
hazardous condition due to a leak of propane from the truck, and to determine
the cause of the accident. When Wood arrived at the scene of the accident,
emergency personnel had already removed the truck. He determined that the damage
done to the bridge did not affect its integrity and that no safety risk existed.
The police report, from an officer at the scene, indicated that driver
inattention had caused the accident and that the driver had died in the wreck.
We agree with Appellees that the evidence shows that TxDOT knew of the accident
and of Blevins death, but we do not agree that Wood's investigation showed that
TxDOT might be culpable for the accident.
The evidence showed that driver inattention caused the wreck. Wood did not
question any witnesses to the accident and only received the police report of
the accident once Appellees filed suit in the case. He never reported the case
to any supervisors, which TxDOT procedures require in cases where a potential
for liability exists. All of the facts show that TxDOT was unaware of any
possible culpability for the accident.
We have held that the purpose of the notice requirement is to "assure
prompt reporting of claims so that the governmental unit can gather the
necessary information to guard against unfounded claims, settle claims, and
prepare for trial." See Benavides, 946 S.W.2d at 578; see also
Cathey, 900 S.W.2d at 341; City of Houston v. Torres, 621 S.W.2d
588, 591 (Tex. 1981). We based this prior holding on the Supreme Court's
decision in Cathey.
In Cathey, the Booths alleged that a doctor failed to perform a
cesarean section on a pregnant woman in time to save the baby's life. Cathey,
900 S.W.2d at 342. The Booths did not provide the hospital with formal notice
that they intended to sue, but they contended that the hospital had actual
notice under section 101.101(c). The Booths based this contention on the fact
that the hospital's records indicated that the baby had died, and the nature of
the death also showed possible negligence on the part of the doctors. Id.
The Texas Supreme Court held that this information did not impute actual notice
to the hospital. Id. The court stated that "[t]he interpretation
of section 101.101(c) urged by the Booths would eviscerate the purpose of the
statute, as it would impute actual notice to a hospital from the knowledge that
a patient received treatment at its facility or died after receiving
treatment." Id. at 341.
In this case, if we were to hold that TxDOT had actual notice because it had
knowledge of the fatal accident and had an employee at the scene of the
accident, we would effectively eliminate the notice requirement of section
101.101 for all traffic accidents. Anytime a TxDOT employee went to the scene of
an accident where a death occurred or property was damaged, our holding would
impute actual notice to the State. This would frustrate the purpose of the
notice requirement. Id.
We hold that TxDOT did not have formal or actual notice of its possible
culpability. Without formal or actual notice, the Texas Tort Claims Act did not
authorize the waiver of sovereign immunity, and the trial court lacked subject
matter jurisdiction over the case. We sustain TxDOT's sole point on appeal.
CONCLUSION
Having sustained TxDOT's sole point, we reverse the trial court's denial of
the plea to the jurisdiction and render judgment dismissing the suit against
TxDOT.
 
                                                                      
SAM J. DAY
                                                                      
JUSTICE
PANEL A: DAY, LIVINGSTON and DAUPHINOT, JJ.
[DELIVERED: MARCH 13, 2003]