**DALLAS–FORT WORTH INTERNATIONAL AIRPORT BOARD, Appellant,**

v.

**Marianne RYAN, Appellee.**

No. 2–01–124–CV.

Court of Appeals of Texas, Fort Worth.

July 26, 2001.

Rose Walker, L.L.P., Roger D. Martin, Michael D. Richardson, Dallas, for Appellant.

The Law Office of Lynn Clanton, Lynn Clanton, Fort Worth, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

DAUPHINOT, Justice.

### INTRODUCTION

In this interlocutory appeal, Appellant Dallas Fort Worth International Airport Board (DFW) challenges the trial court's order denying its plea to the jurisdiction based upon governmental immunity. In a single issue on appeal, DFW argues that the trial court erred in denying its plea to the jurisdiction because Ryan failed to satisfy the six-month notice requirement under the Texas Tort Claims Act (TTCA).[1] We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 1998, Marianne Ryan slipped and fell on an icy sidewalk while walking to a parking lot at the Dallas Fort Worth International Airport, shattering her left kneecap. Ryan filed suit against DFW for damages resulting from her injury, alleging a cause of action for negligence. DFW filed a plea to the jurisdiction of the court and a general denial subject thereto, arguing its entitlement to governmental immunity. Specifically, DFW alleged that Ryan failed to provide it with formal written notice or actual notice of her claim within six months from the date of the incident, in accordance with the TTCA. After a hearing, the trial court denied DFW's plea to the jurisdiction.

### STANDARD OF REVIEW

■ We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review.[2] In determining whether jurisdiction exists, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader.[3] We also consider evidence relevant to the jurisdictional issue that was before the trial court when it ruled on the plea.[4]

---

1. Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 1997).

2. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

3. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *City of Saginaw v. Carter*, 996 S.W.2d 1, 2–3 (Tex.App.—Fort Worth 1999, pet. dism'd w.o.j.).

4. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000) ("[A] court deciding a plea to the jurisdiction is not required to

## SOVEREIGN IMMUNITY

The Texas Supreme Court has long recognized that sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue.[5] Immunity from suit bars a suit against the State unless the State has expressly consented to the suit.[6] Legislative consent to suit must be by clear and unambiguous language, in either a statute or by other express legislative permission.[7] Absent the State's consent to suit, a trial court lacks subject matter jurisdiction over a suit against a governmental entity.[8] Because immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction.[9]

## DISCUSSION

Because DFW is a governmental unit, any claim brought against it must be brought under the TTCA or it will be precluded by the doctrine of sovereign immunity.[10] Under the TTCA, a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."[11] Section 101.101 of the TTCA provides:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> (1) the damage or injury claimed;
>
> (2) the time and place of the incident; and
>
> (3) the incident.[12]

Subsection (c) of section 101.101 provides that the formal notice requirements of section 101.101(a) "do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged."[13]

The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial.[14] The Texas Supreme Court has held that actual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the

> look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.").

5. *Fed. Sign v. Tex. So. Univ.*, 951 S.W.2d 401, 405 (Tex.1997).

6. *Id.*

7. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999); *Fed. Sign*, 951 S.W.2d at 405.

8. *Jones*, 8 S.W.3d at 638.

9. *Id.* at 638–39.

10. *Benavides v. Dallas–Fort Worth Int'l Airport Bd.*, 946 S.W.2d 576, 578 (Tex.App.— Fort Worth 1997, no writ).

11. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997).

12. *Id.* § 101.101(a).

13. *Id.* § 101.101(c).

14. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

identity of the parties involved.[15] Mere knowledge that an incident has occurred is not sufficient to establish actual notice.[16]

■ In her petition, Ryan alleged that she provided DFW with actual notice of her injuries on or about January 21, 1999. On that date, Vicki M. Johnson, a legal staff assistant with DFW, acknowledged receipt of correspondence from Ryan regarding the December 23, 1998 incident. By letter dated January 14, 1999, Ryan wrote:

Please send a copy of the report that was generated on 12–23–98 at DFW airport outside gate B30 at approximately 4:00 P.M.

I am the victim. I slipped on some ice and broke my knee cap. Send to me at: Marianne Ryan

810   Emerald Sound Boulevard

Oak Point, Texas

15068–2200

$4.00 check and SASE enclosed.

A copy of Ryan's letter was attached as Exhibit E to DFW's plea to the jurisdiction. DFW argues, however, that the letter does not support a finding of actual notice under section 101.101(c) because it did not inform DFW of its alleged fault in causing Ryan's injury. We disagree. Ryan's letter, received by an assistant in DFW's legal department, is sufficient to satisfy the requirements of actual notice. Specifically, the letter notifies DFW of the injury and the parties involved, as well as its alleged fault in causing the injury. The letter states, "I am the *victim*. I slipped on some ice and broke my knee cap." [Emphasis added.] Accordingly, we conclude that DFW's receipt of Ryan's letter by its legal department is sufficient to prove that DFW had actual notice of

Ryan's claims against it. We believe our holding to be in line with the purpose of the notice requirements, and we decline to foster litigiousness by forcing injured parties to immediately retain legal counsel in order to preserve their claims in the face of hyper-technical notice provisions. Here, Ryan's letter adequately conveyed to DFW its possible culpability for her injuries. We, therefore, hold that Ryan has complied with the notice provisions of the TTCA and that the trial court did not err in denying DFW's plea to the jurisdiction on that basis. We overrule DFW's sole issue.

## CONCLUSION

Having overruled DFW's sole issue on appeal, we affirm the trial court's order.

**15.** *Id.*

**16.** *Id.* at 340; *Putthoff v. Ancrum,* 934 S.W.2d 164, 173 (Tex.App.—Fort Worth 1996, writ denied).