# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00478-CV

**City of San Angelo, Appellant**

**v.**

**Terrell "Terry" Smith, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-00-0533-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

The City of San Angelo brings this accelerated interlocutory appeal challenging the district court's denial of its plea to the jurisdiction. In one issue, the City contends that, because appellee Terrell "Terry" Smith failed to comply with the Texas Tort Claims Act's notice provisions, it did not waive its governmental immunity and the district court lacks subject matter jurisdiction. Holding that the City had actual notice of its alleged liability, we affirm the district court's order.

## BACKGROUND FACTS

Smith, a water treatment equipment salesman, went to the City's water treatment plant to inspect equipment he previously sold the City. The plant's superintendent, Donald Johnston, and a sales representative from another company, accompanied Smith on his inspection. While attempting to inspect the equipment, Smith fell into a flocculator tank full of water, injuring his ankle and

shoulder. Johnston, who was walking in front of Smith, did not see Smith fall, but turned around after hearing a splash. Johnston and the sales representative pulled Smith out of the tank and arranged for his transportation to the hospital. While at the hospital, Smith asked his brother-in-law, Revis Tyler, to go back to the plant, retrieve his car, and take pictures of the tank and the area around it. The City denied Tyler access to the site. Later that day, Johnston contacted Jim Burrows, claims manager for the City, and reported that Smith had fallen in the tank and possibly injured his ankle. Within a day of Smith's accident, the City began constructing a rail around the tank.

Smith filed suit against the City, claiming in his third amended original petition that his fall resulted from bolts protruding from the walkway around the tank and that the City was negligent for failing to construct rails around the flocculator tank where he fell. The City filed a plea to the jurisdiction arguing that, because Smith failed to allege facts sufficient to establish jurisdiction under the Texas Tort Claims Act and San Angelo city ordinances, it was immune from suit and the district court lacked subject matter jurisdiction. The district court denied the City's plea. The City then filed this accelerated interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2002).[1]

## STANDARD OF REVIEW

A plea to the jurisdiction challenges a district court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Accordingly, we review a district court's

---

[1] A party may appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental entity. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2002).

2

plea to the jurisdiction ruling *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In order to prevail, the party asserting the plea to the jurisdiction must show that, even if all the allegations in the plaintiff's pleadings are true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 914 (Tex. 1960). If the face of the petition does not affirmatively demonstrate a lack of jurisdiction, the district court must liberally construe the plaintiff's allegations in favor of jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989).

Because the nature of the issues raised in the plea determines the scope of review, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issue raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *Mayhew*, 964 S.W.2d at 928. We consider the plaintiff's factual allegations made in good faith to determine whether the district court properly exercised jurisdiction. *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949). Thus, unless the defendant pleads and proves that the plaintiff's allegations were made fraudulently to confer jurisdiction, we accept these allegations as true. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Peek*, 779 S.W.2d at 804. We must therefore determine whether Smith pleaded facts sufficient to allege that the district court had jurisdiction over his claims against the City.

3

## DISCUSSION

To be amenable to suit under the Texas Tort Claims Act, a governmental entity must receive notice of a claim against it. Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (West 1997). If a party seeking to impose liability fails to comply with the formal notice requirements, suit may still be proper so long as the governmental entity has actual notice of death, injury, or property damage arising from the plaintiff's claims. *Id.* § 101.101(c). The parties agree that Smith did not comply with the Act's formal notice requirements but dispute whether the City had actual notice of Smith's claims. The City contends that it did not have the requisite notice because Smith did not notify the City that it was at fault until he filed suit almost two years after his injury. Thus, the City argues Smith's claim is barred by the notice provisions of the Texas Tort Claims Act.[2] *See id.* §§ 101.001-.109 (West 1997 & Supp. 2002). Smith responds that, because the plant's superintendent witnessed the accident, called the plant's claims manager, and erected a rail around the tank shortly after the incident, the City had actual notice of the incident resulting in his injuries and its potential liability; his claim is therefore proper under the Act. *See id.* § 101.101(c) (West 1997). We begin our review, then, by determining whether the pleadings and evidence are sufficient to allege that the City received actual notice of Smith's injuries and its potential liability.[3]

Actual notice contemplates more than mere awareness of death, injury, or property damage. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Actual notice requires knowledge

---

[2] Because the city ordinance pertaining to notice requirements for governmental liability is substantially the same as the provision in the Texas Tort Claims Act, the disposition of the City's issue concerning notice under the Act is dispositive of its claims under the city ordinance.

[3] Because we conclude that the City had actual notice, we need not address whether the notice requirement is jurisdictional.

4

of (1) a death, injury, or property damage; (2) fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Id.* The notice requirement's purpose is to insure prompt reporting of claims to facilitate the governmental entity's ability to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey*, 900 S.W.2d at 341; *City of Texarkana v. Nard*, 575 S.W.2d 648, 653 (Tex. App.—Tyler 1978, writ ref'd n.r.e.) (citing *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981)). However, nothing in the Act requires the governmental entity to be absolutely certain of the injury's nature and cause or that it know of an injured party's intention to file suit. *See Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) (affirming district court's instruction that actual notice "does not require a description of the nature and extent of the injury in full medical detail"). Actual notice is imputed to a governmental entity if it, or one of its agents, is aware of facts and circumstances surrounding an accident sufficient to put them on inquiry that, if pursued, would reveal its alleged or possible fault producing or contributing to the injury. *Wright v. Texas Dep't of Criminal Justice*, No. 14-99-10204-CV, 2001 Tex. App. LEXIS 7043, at *5 (Tex. App.—Houston [14th Dist.] Oct. 18, 2001, no pet.) (to be published); *Dallas-Fort Worth Int'l Airport Bd. v. Ryan*, 52 S.W.3d 426, 428-29 (Tex. App.—Fort Worth 2001, no pet.).

Smith contends that his fall in the presence of the plant superintendent and the events occurring after his fall were sufficient to provide the City with actual notice of his injuries and its potential liability. Although typically a question of fact for the jury, the existence of actual notice may be determined as a matter of law where the evidence is insufficient to raise a fact issue. *See Cathey*, 900 S.W.2d at 341; *Alvarado v. City of Lubbock*, 685 S.W.2d 646, 648-49 (Tex. 1985); *Lorig v.*

5

*City of Mission*, 629 S.W.2d 699, 701 (Tex. 1982). Cases imputing actual notice turn on whether the governmental entity had actual notice of its potential culpability. Governmental entities have actual notice to the extent that a prudent entity could ascertain its potential liability stemming from an incident, either by conducting a further investigation or because of its obvious role in contributing to the incident. *See, e.g.*, *Rosales v. Brazoria County*, 764 S.W.2d 342, 345 (Tex. App.—Texarkana 1989, no writ) (dispatching investigators to an accident scene involving county law enforcement officer resulted in actual notice); *City of Galveston v. Shu*, 607 S.W.2d 942, 946 (Tex. App.—Houston [1st Dist.] 1980, no writ) (responding to "officer down" call provided sufficient circumstantial evidence to provide city with notice); *Nard*, 575 S.W.2d at 653 (investigating accident caused by malfunctioning traffic signal sufficient to afford city actual notice).

It is well recognized that mere awareness of an accident is often insufficient to constitute actual notice. *See, e.g.*, *Gaskin v. Titus County Hosp. Dist.*, 978 S.W.2d 178, 183 (Tex. App.—Texarkana 1998, pet. denied); *Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 797 (Tex. App.—El Paso 1997, no writ); *Reynosa v. Bexar County Hosp. Dist.*, 943 S.W.2d 74, 78 (Tex. App.—San Antonio 1997, writ denied); *Wesela v. University of Tex. Med. Branch*, 899 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1995, no writ). An incident or occurrence must sufficiently disrupt the governmental entity so that it can be fairly said that the governmental entity would be likely to discover its alleged contribution to the accident. For example, in *Cathey*, the supreme court held that notes in a patient's medical chart, indicating a thirty-minute delay in performing a Cesarean section, were insufficient to constitute actual notice of medical negligence. 900 S.W.2d at 341-42. The court explained that, even if the hospital were aware of such information, as a matter of law, the

information failed to convey the hospital's potential culpability. *Id.* at 342; *see also Gonzalez*, 940 S.W.2d at 796-97; *Wesela*, 899 S.W.2d at 295. *But see Gaskin*, 978 S.W.2d at 181 ("When a health care provider should have known from its records that its negligence was more likely than not the cause of plaintiff's injuries, a fact issue will have been raised on the actual notice issue to thwart summary judgment."); *Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 253 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) (holding hospital records created fact issue precluding summary judgment). Although merely filing an accident report will not always constitute actual notice, an incident that triggers a separate investigation and report will likely impute notice to a governmental entity.[4] *See Benavides v. Dallas-Fort Worth Int'l Airport Bd.*, 946 S.W.2d 576, 579 (Tex. App.—Fort Worth 1997, no pet.); *McDonald v. State*, 936 S.W.2d 734, 739 (Tex. App.—Waco 1997, no writ); *Davis v. Mathis*, 846 S.W.2d 84, 88 (Tex. App.—Dallas 1992, no writ); *Reese v. Texas Dep't of Highways & Pub. Transp.*, 831 S.W.2d 529, 530 (Tex. App.—Tyler 1992, writ denied).

In the instant case, the City concedes that its "employees were aware that [Smith] fell in the tank and injured his ankle," but argues that such "information was not sufficient to convey actual knowledge to the City that the City was" in any way potentially culpable. The alleged facts do not support such a contention. It is undisputed that the City knew Smith sustained injuries as a result of falling in the tank. While this alone may be insufficient to constitute actual notice, when considered in conjunction with the other facts of this case, it is difficult not to conclude the City was

---

[4] The City concedes "that if there had been an individual who had a duty to gather facts, who actually knew that Plaintiff's injury was caused by tripping on the bolts, that [the City] would have actual notice."

aware of its potential for liability. The accident itself occurred in the presence of the plant superintendent, who was aware that Smith's injuries required hospital treatment. Shortly after Smith fell, the superintendent called the plant's risk manager and informed him of Smith's accident. Within one day of Smith's fall, the City initiated construction of a guardrail around the tank. Also, Smith alleges that he sought to take photographs of the accident scene but was denied access. We conclude that, taken together, these facts were sufficient to impute to the City knowledge of an injury, its potential liability, and the parties' identities. *See Cathey*, 900 S.W.2d at 341. Considering the pleadings and the evidence, we hold the City had actual notice of Smith's injuries and its potential liability. We overrule the City's sole issue.

## CONCLUSION

Having determined that the City had actual notice of Smith's injuries and its potential liability, we are satisfied the district court has subject matter jurisdiction. Accordingly, we affirm its order denying the City's plea to the jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   February 7, 2002

8

Publish