**CITY OF SAN ANTONIO, Appellant,**

v.

**Daniel JOHNSON and Thomas Thornton, Appellees.**

**No. 04–02–00909–CV.**

Court of Appeals of Texas, San Antonio.

March 12, 2003.

Shawn K. Fitzpatrick, Fitzpatrick & Kosanovich, P.C., San Antonio, for Appellant.

Robert A. Allen, Brian S. Jacob, Katherine M. Willis, Allen, Stein & Durbin, P.C., Thomas R. Stevens, Don E. Weiss, Steven & Weiss, P.C., San Antonio, for Appellee.

Richard F. Neville, III, The Law Offices of Maloney & Maloney, P.C., San Antonio, for Other Party.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Chief Justice.

The City of San Antonio ("City") appeals the trial court's order denying its plea to the jurisdiction. The underlying lawsuit was filed by Bonnie Parlett ("Parlett") after she was rear-ended by two motorists, Daniel Johnson ("Johnson") and Thomas Thornton ("Thornton"). Johnson and Thornton filed a third-party claim against the City for contribution because the police report from the accident stated that Parlett slowed to a stop when a police vehicle in front of her slowed to make a u-turn. The City filed a plea to the jurisdiction asserting that the contribution claim was barred because: (1) Johnson and Thornton failed to comply with the notice provisions of the Texas Tort Claims Act and the City did not have actual notice; and (2) immunity is not waived for a contribution claim. We affirm the trial court's order.

### Standard of Review

A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed de novo. *Herring v. Welborn,* 27 S.W.3d 132, 136 (Tex.App.-San Antonio 2000, pet. denied); *Rylander v. Caldwell,* 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Ind. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

### Notice

■ The City was entitled to receive notice of the claim against it no later than six months after the date the incident giving rise to the claim occurred. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1997). Actual notice is sufficient if the City has actual notice reasonably describing: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a),(c) (Vernon 1997); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995). "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey,* 900 S.W.2d at 341.

■ Nothing requires the governmental entity to be absolutely certain of the injury's nature and cause or that it knows of an injured party's intention to file suit. *City of San Angelo v. Smith,* 69 S.W.3d 303, 307 (Tex.App.-Austin 2002, pet. denied); *Tarrant County Hosp. Dist. v. Ray,* 712 S.W.2d 271, 274 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e.). Actual notice is imputed to a governmental entity if it, or one of its agents, is aware of facts and circumstances surrounding an accident sufficient to put them on inquiry that, if pursued, would reveal its alleged or possible fault producing or contributing to the injury. *City of San Angelo v. Smith,* 69 S.W.3d at 307; *Dallas-Fort Worth Int'l Airport Bd. v. Ryan,* 52 S.W.3d 426, 428–29 (Tex.App.-Fort Worth 2001, no pet.).

Governmental entities have actual notice to the extent that a prudent entity could ascertain its potential liability stemming from an incident, either by conducting a further investigation or because of its obvious role in contributing to the incident. *City of San Angelo v. Smith,* 69 S.W.3d at 307. Whether the entity has actual notice is generally a question of fact. *Id.* The existence of actual notice may be determined as a matter of law where the evidence is insufficient to raise a fact issue. *Id.*

In this case, the knowledge of the police officer who arrived at the scene and made the accident report is imputed to the City. The report contains the time and place of the incident and mentions the City's potential for liability due to its officer's u-turn which had caused the other vehicles to slow and stop. The City contends that the report does not affirmatively reflect that Parlett was injured; however, the report contained an injury code "C" for Parlett, which is used in the case of a possible injury, and the report states that Parlett intended to take herself to her own doctor. During his deposition, the officer testified that Parlett stated that she was unsure if she was injured and wanted to seek the advice of her own doctor. At the very least, the officer's report was sufficient to raise a question of fact regarding the City's actual notice of Parlett's injury. *See id.*

### CONTRIBUTION CLAIM

 The City next contends that immunity is not waived under the Texas Tort Claims Act for a contribution claim. A contribution claim is not a separate cause of action but is a method of determining each defendant's liability with regard to a claim. A defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against

whom contribution is sought. *Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933, 935 (Tex. 1992). Thus, whether the City is immune from the contribution claim depends upon whether the City would be immune from a claim asserted by Parlett. *Id.; see also Pate & Pate. Ent., Inc. v. City of Eagle Pass,* No. 04–96–00980–CV, 1997 WL 578741, at *4–5 (Tex.App.-San Antonio 1997, pet. dism'd by agr.) (not designated for publication) (analyzing contribution claim as extension of claim by plaintiff).

In this case, Parlett sued for injuries arising from an automobile accident possibly caused by an improper u-turn made by the City's police officer. Therefore, Parlett's injuries were potentially caused by the officer's operation or use of a motor-driven vehicle—a claim for which immunity is waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997).

The trial court's order is affirmed.