In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-029 CV


____________________



UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellant



V.



CARL NEWMAN, individually and as personal representative


of THE ESTATE OF THOMAS NEWMAN, Deceased, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-165,570






MEMORANDUM OPINION


 Carl Newman filed a wrongful death suit against the University of Texas Medical
Branch at Galveston (UTMB) alleging negligence and medical malpractice in the care and
treatment of his son, Thomas Newman, when he was an inmate at the Federal Correction
Complex Beaumont-Low (Low facility). UTMB appeals from the trial court's denial of
its plea to the jurisdiction. UTMB contends appellee failed to establish a waiver of
sovereign immunity under the Texas Tort Claims Act for two reasons. First, appellee did
not comply with the mandatory notice provision under the Act. Second, appellee did not
demonstrate a use or misuse of tangible personal property, or that any use or misuse of
such property proximately caused Thomas Newman's injuries and death.

 A claimant is required to provide a governmental unit with formal, written notice
of a claim against it within six months of the incident giving rise to the claim unless the
governmental unit has actual notice of the claim. See Tex. Civ. Prac. & Rem. Code
Ann. §101.101 (Vernon 1997). "[F]or a hospital to have actual notice, it must have
knowledge of (1) a death or injury; (2) its alleged fault producing or contributing to the
death or injury; and (3) the identity of the parties involved." Cathey v. Booth, 900 S.W.2d
339, 340 (Tex. 1995).

 The parties do not dispute that appellee failed to give formal written notice. 
Likewise, the parties do not dispute that UTMB had actual knowledge of the death and the
identity of the parties involved. Therefore, we must determine whether the pleadings and
evidence are sufficient to allege that UTMB received actual notice of its potential liability. 
Appellee asserts UTMB had actual notice through telephone communication with personnel
at the Low facility immediately after Thomas Newman's death, and through the Multi-Level Mortality Review. 

 The telephone communication appellee relies upon is his contact of "prison officials
and U.T.M.B. employees questioning the quality of health care provided to his son" and
his transfer of Thomas Newman's body to the state of Arizona where a second autopsy was
conducted. The persons contacted by appellee are not identified so we cannot verify their
status in regards to UTMB. Nevertheless, assuming those contacted represented UTMB,
there is no assertion, nor any indication, either in the record or appellee's brief of further
communication with the Low facility. The mere fact that immediately after Thomas
Newman's death appellee questioned his care does not provide UTMB with notice of its
potential culpability. There is no evidence UTMB was informed of the results of the
second autopsy or that those results indicated any negligence. Appellee's "questioning"
does not equal the proposition that UTMB knew or should have known that appellee judged
UTMB responsible for the death of his son. Consequently, the telephone communication
does not constitute actual notice.

 The Mortality Review stated, "Weaknesses: Nurse communication to provider
following EKG of 9/3/99." It also answered "Yes" to the query, "Did patient receive
appropriate and adequate health care, consistent with community standards, during his
incarceration in the Federal Bureau of Prisons?" In order for this report to constitute
actual notice, it had to convey the hospital's potential culpability. See Cathey, 900 S.W.2d
at 342. 

 "Although typically a question of fact for the jury, the existence of actual notice
may be determined as a matter of law where the evidence is insufficient to raise a fact
issue." City of San Angelo v. Smith, 69 S.W.3d 303, 307 (Tex. App.--Austin 2002, pet.
denied). "When a health care provider should have known from its records that its
negligence was more likely than not the cause of plaintiff's injuries, a fact issue will have
been raised on the actual notice issue. . .." Gaskin v. Titus County Hosp. Dist., 978
S.W.2d 178, 182 (Tex. App.--Texarkana 1998, pet. denied).

 The report of a "weakness" is countered by the finding that Thomas Newman
received appropriate and adequate care. The review in no way suggests the "weakness"
was a factor to any degree in his death. We therefore find it does not convey to UTMB
its potential liability for the death of Thomas Newman and hence does not provide actual
notice.

 Issue one is sustained. Accordingly, we reverse the order of the trial court denying
UTMB's plea to the jurisdiction and render judgment dismissing this cause for lack of
jurisdiction.

 REVERSED AND RENDERED.

 PER CURIAM


Submitted on June 12, 2003

Opinion Delivered July 17, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.