# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00437-CV

**KAJJ Vending, Inc. d/b/a Capital Promotions, Appellant**

**v.**

**Texas Lottery Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN-102490, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant KAJJ Vending, Inc. d/b/a Capital Promotions appeals from the district court's order dismissing its claims against appellee Texas Lottery Commission for want of jurisdiction. We will affirm.

In August 2001, several parties filed suit against the Commission, complaining of the Commission's seizure of several Freespin Donation Acceptance Sweepstakes Terminals ("DAST machines"), a form of gaming machine, from a game room in a bingo hall in Killeen. In May 2002, the Commission filed a motion to dismiss for want of jurisdiction, arguing that the plaintiffs were seeking an advisory opinion (1) because they sought a declaration of the definition of "bingo premises," a term that is statutorily defined, and (2) there was no live case or controversy between the parties. In June 2002, appellant intervened in the suit, stating it was the operator of the game

room from which the machines were seized. Appellant adopted and joined in the other plaintiffs' amended petition, in which they sought temporary and permanent injunctions and declaratory relief. Appellant also filed a response to the Commission's motion to dismiss. By the time the district court heard the Commission's motion to dismiss, all the other plaintiffs had nonsuited their claims, leaving appellant's claims against the Commission as the only live issues.

Appellant's claims against the Commission, adopted from the other plaintiffs' pleadings, sought a declaratory judgment that (1) the game room was not a bingo premises under the Bingo Enabling Act ("the Act");[1] (2) the Commission does not have authority under the Act to regulate or prohibit "games of chance" outside of bingo premises; and (3) the Commission's interpretation of the Act to include the game room and other such locations as bingo premises denied appellant fair notice and thus rendered the applicable statute unconstitutionally vague. *See* Tex. Occ. Code Ann. §§ 2001.001-.657 (West Supp. 2004) (codification of the Act); Tex. Pen. Code Ann. § 47.01(4) (West 2003) (definition of "gambling device"). Appellant also sought an injunction barring the Commission from enforcing the Act outside of any area subject to direct control and actual use by a licensed bingo charity.

In appellant's petition in intervention, it recites that it is the operator of the game room and as such is adversely affected by the Commission's interpretation and application of the Act. In its response to the Commission's motion to dismiss, appellant argues that there is a live case

---

[1] The Bingo Enabling Act provides that a "game of chance other than bingo or a raffle conducted under Chapter 2002 may not be conducted or allowed during a bingo occasion." Tex. Occ. Code Ann. § 2001.416(a) (West Supp. 2004). The Commission may inspect a premises where bingo is being conducted. *Id*. § 2001.557(1) (West Supp. 2004). Premises is defined as "the area subject to the direct control of and actual use by a licensed authorized organization or group of licensed authorized organizations to conduct bingo." *Id*. § 2001.002(22) (West Supp. 2004).

2

or controversy between the parties, contending that the Commission is taking action against the DAST machines "and the facilities where they are located." As evidence of this, appellants rely on the affidavit of J.D. Pruitt, manager of the bingo hall, which states that Sgt. Jesse Soliz, a peace officer employed by the Commission, handed Pruitt the seizure warrant and then entered the game room with other officers and took the machines. Appellant argues that the Commission did not have the criminal enforcement power to participate in general law enforcement. Appellant states that Soliz "procured" the search warrant under which the machines were seized. Appellant further contends that the Commission's argument that the warrant raises criminal, not civil, issues is disingenuous, stating that the basis for the Commission's "securing of the warrant" was the Commission's interpretation of the Act.

The Commission's motion to dismiss is essentially a plea to the jurisdiction, which seeks to dismiss a cause of action without regard to the merits of the plaintiff's claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In reviewing a dismissal pursuant to a plea to the jurisdiction, we liberally construe the pleadings in favor of the plaintiff and look to the plaintiff's intent. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of San Angelo v. Smith*, 69 S.W.3d 303, 305-06 (Tex. App.—Austin 2002, pet. denied). To prevail on a plea to the jurisdiction, a defendant must show that, even if all the factual allegations in the plaintiff's pleadings are true, there is a defect apparent on the face of the pleadings, such that it would be impossible to cure the defect so as to confer jurisdiction on the trial court. *Smith*, 69 S.W.3d at 305; *Texas Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 729 (Tex. App.—Austin 1999, no pet.). A trial court should hear evidence as necessary to determine the

3

jurisdictional issues, but plaintiffs need not preview their case on the merits simply to establish jurisdiction. *Blue*, 34 S.W.3d at 554-55.

Courts may not issue advisory opinions. *Texas Ass'n of Bus.*, 852 S.W.2d at 444; *Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 767 (Tex. App.—Austin 1999, no pet.). An advisory opinion is one that decides an abstract question of law and is not binding on the parties. *Brinkley*, 986 S.W.2d at 767. Courts will not decide cases dealing with facts that are uncertain and may or may not occur in the future. *Id.* at 768. In *Brinkley*, this Court stated that the plaintiff, who owned eight-liner machines he operated "in a space he lease[d] within a licensed bingo parlor," sought only an advisory opinion because he was not licensed by the Commission to operate a bingo parlor and was not subject to the Commission's regulation. *Id.* at 767-68.

First, we note that Soliz's affidavit does not allege a violation of the Act. Instead, he states his belief that the bingo hall and the owners of the bingo hall's property have engaged in "the criminal offenses" of gambling promotion, keeping a gambling place, and possession of gambling devices. If the DAST machines are illegal gambling devices, it does not matter whether the gaming hall can be considered a bingo premises. *See* Tex. Pen. Code Ann. § 47.01(4); *Hardy v. State*, 102 S.W.3d 123, 131-32 (Tex. 2003) (eight-liner machines were not subject to exclusion under penal code section 47.01(4)(B) and therefore were illegal gambling devices). The Commission is not attempting to sanction appellant under the Act, and this warrant and seizure were related to allegations of criminal activity. The interpretation of a penal statute, such as this one defining gambling devices, is generally not within the jurisdiction of civil courts. *See State v. Morales*, 869

4

S.W.2d 941, 942 (Tex. 1994).[2] Any action taken by the Commission through Soliz was related not to Soliz's and the Commission's interpretation of the Act and the definition of "bingo premises" but to their understanding of the definition of illegal gambling devices under the penal code.

Further, the seizure of the machines was conducted by local law enforcement officers, not by the Commission. Soliz, as a licensed peace officer, was entitled and even required to report what he believed to be illegal conduct to local law enforcement authorities, *see* Tex. Code Crim. Proc. Ann. art. 2.13(b)(3) (West Supp. 2004) (peace officer *shall* "give notice to some magistrate of all offenses committed within the officer's jurisdiction, where the officer has good reason to believe there has been a violation of the penal law"), and those authorities were authorized to act on Soliz's affidavit and information. Although he became involved in this case by virtue of his employment with the Commission,[3] swore out the warrant, and accompanied the local law enforcement officers when the machines were seized, the fact remains that the machines were seized

---

[2] When there is actual or threatened enforcement of an allegedly unconstitutional statute, a party may seek relief in a civil court if the party is being prosecuted or is being threatened with prosecution. *State v. Morales*, 869 S.W.2d 941, 944-45 (Tex. 1994). Even if appellant alleged that the penal statute against illegal gambling machines is unconstitutional, appellant has not alleged that it is the entity being criminally prosecuted or that such prosecution is imminent. *See id*.

[3] Appellant asserts that the Commission, acting through Soliz, lacked jurisdiction to inspect or order the removal of the DAST machines. However, Soliz, who the parties agree in their pleadings is a certified peace officer employed by the Commission, had general jurisdiction to preserve the peace and give notice of a situation within his jurisdiction that he believed to be illegal. *See* Tex. Gov't Code Ann. § 466.020(b) (West 1998) (executive director of Commission may commission investigators as peace officers); Tex. Code Crim. Proc. Ann. art. 2.12(24) (West Supp. 2004) (investigators commissioned under chapter 466 of government code are peace officers), art. 2.13 (West Supp. 2004) (peace officers have duty to preserve peace and report illegal activity to magistrate). The machines in question were located in a room inside a bingo hall over which the Commission had jurisdiction, and Soliz's observation of those machines was therefore made during his authorized inspection duties for the Commission.

as part of a local criminal proceeding in Bell County, not as part of a civil enforcement action undertaken by the Commission.

Finally, appellant does not own the machines in question. Nor has appellant pleaded that the parties who operate the bingo hall inside of which appellant operates its game room have shut down the game room or told appellant that they intended to do so. The Commission is not bringing or threatening to bring a regulatory action against appellant, and appellant does not hold a Commission license that might be revoked. Although appellant argues that it has been "deprived . . . of its game room operation" by the seizure, the record does not indicate that appellant is somehow barred from continuing to operate its game room with other games or machines that are not illegal gambling devices or games of chance. We hold the district court did not err in granting the Commission's plea to the jurisdiction, and we affirm the district court's order dismissing appellant's suit.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: December 18, 2003

6