**CITY OF SAN ANTONIO, Petitioner,**

v.

**Daniel JOHNSON and Thomas Thornton, Respondents.**

No. 03–0372.

Supreme Court of Texas.

July 9, 2004.

Richard F. Neville III, Law Offices of Maloney & Maloney, P.C., San Antonio, for Other.

Shawn K. Fitzpatrick, Fitzpatrick & Kosanovich, P.C., San Antonio, for Petitioner.

Thomas R. Stevens, Stevens & Weiss, P.C., Robert A. Allen, Brian Jacob and Katherine Willis, Allen Stein & Durbin, P.C., San Antonio, for Respondent.

PER CURIAM.

Vehicles driven by respondents Daniel Johnson and Thomas Thornton rear-ended Bonnie Parlett's vehicle as she slowed for a police vehicle ahead of her to make a U-turn. Parlett sued Johnson and Thornton, who then asserted a third-party claim against petitioner, the City of San Antonio, for contribution. The trial court denied the City's plea to the jurisdiction, which was based in part on the City's failure to receive notice of respondents' claim under section 101.101 of the Tort Claims Act.[1] The City appealed, and the court of appeals affirmed.[2] Purporting to construe section 101.101(c) in light of *Cathey v. Booth*,[3] the court wrote:

1. Tex. Civ. Prac. & Rem.Code § 101.101.

2. 103 S.W.3d 639, 642 (Tex.App.-San Antonio 2003).

3. 900 S.W.2d 339 (Tex.1995) (per curiam).

Actual notice is imputed to a governmental entity if it, or one of its agents, is aware of facts and circumstances surrounding an accident sufficient to put them on inquiry that, if pursued, would reveal its alleged or possible fault producing or contributing to the injury. *City of San Angelo v. Smith,* 69 S.W.3d [303, 307 (Tex.App.-Austin 2002, pet. denied)]; *Dallas–Fort Worth Int'l Airport Bd. v. Ryan,* 52 S.W.3d 426, 428–29 (Tex.App.-Fort Worth 2001, no pet.). Governmental entities have actual notice to the extent that a prudent entity could ascertain its potential liability stemming from an incident, either by conducting a further investigation or because of its obvious role in contributing to the incident. *City of San Angelo v. Smith,* 69 S.W.3d at 307.[4]

We have disapproved this interpretation of *Cathey* today in *Texas Department of Criminal Justice v. Simons,* holding that—

> actual notice under section 101.101(c) requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury.[5]

Thus, the standard applied by the court of appeals was incorrect. However, the parties are not precluded from obtaining a ruling from the trial court under the proper standard. Accordingly, the petition for review is denied.

---

**4.** 103 S.W.3d at 641–642.

**5.** 140 S.W.3d 338, 348, 2004 WL 1533264