# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00689-CV

**Texas Department of Criminal Justice, Appellant**

**v.**

**Edward McElyea, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. GN1-03776, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## O P I N I O N

Appellant, Texas Department of Criminal Justice ("TDCJ"), brings this interlocutory appeal from the denial of its plea to the jurisdiction in a case brought by its employee, Edward McElyea, for damages under the Texas Whistleblower Act. Tex. Gov't Code Ann. §§ 554.001-.009 (West 2004). The TDCJ asserted that McElyea's filing in the district court was untimely and failed to comply with the Whistleblower Act. The trial court denied the plea to the jurisdiction. The TDCJ argues in two points of error on appeal that: (1) McElyea failed to file suit within the statutory time limits, and (2) that failure deprives the trial court of subject matter jurisdiction, making the TDCJ's plea to the jurisdiction a proper avenue to challenge jurisdiction.

Because the trial court properly determined on the evidence before it that McElyea's filing was timely and the pleadings in plaintiff's petition were sufficient to confer jurisdiction on the trial court, we affirm the order of the trial court denying the plea to the jurisdiction.

**Background**

McElyea worked for the TDCJ, a state agency, as one of four Multi-Region Administrators from October 1994 to May 2001. In early 2001, McElyea reported violations of Texas law and TDCJ policy and filed written complaints. In May 2001, McElyea learned that the TDCJ would eliminate his position and reorganize the four positions into two. Although he applied, McElyea did not receive either of the two new positions, nor certain other positions he sought.

McElyea pursued a grievance through all three levels of the TDCJ grievance process, claiming that he had suffered adverse employment actions because of his reports of violations of law to appropriate law enforcement authorities.[1] The TDCJ denied the grievance in a letter dated October 8, 2001, which was sent to McElyea's former address in Huntsville.[2] The TDCJ presented no evidence to show the date it actually mailed the letter. The United States Postal Service forwarded the letter to McElyea's new address in Waco, where it arrived on October 22, 2001. McElyea filed this suit on November 15, 2001, twenty-four days after receipt of the letter, and thirty-eight days after the date appearing on the letter heading.

---

[1] In early 2002, the TDCJ also rejected McElyea's application for a position as an Internal Affairs Regional Manager. McElyea again proceeded through all three levels of the grievance process, and, after the TDCJ denied the grievance, he amended his petition in this cause to include a complaint stemming from that grievance. The TDCJ does not challenge the trial court's jurisdiction over the 2002 claim, and we do not decide it.

[2] This was the address the TDCJ had on file for McElyea.

2

The TDCJ filed a plea to the jurisdiction, arguing that the trial court had no subject matter jurisdiction over the 2001 claim because McElyea did not comply with the Whistleblower Act's thirty-day deadline for filing. *See* Tex. Gov't Code Ann. § 554.006(d)(1) (West 2004). The trial court denied the plea to the jurisdiction and the TDCJ filed this interlocutory appeal.

**Discussion**

The TDCJ's plea to the jurisdiction challenges the trial court's authority to determine this cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). To invoke a court's authority, a plaintiff must allege facts that affirmatively demonstrate that the court has jurisdiction to hear the cause. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect apparent from the face of the pleadings, making it impossible for any amendment of the plaintiff's petition to confer jurisdiction on the trial court. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 914 (Tex. 1960); *City of San Angelo v. Smith*, 69 S.W.3d 303, 305 (Tex. App.—Austin 2002, pet. denied). Courts must consider evidence when necessary to decide jurisdictional issues. *Miranda*, 133 S.W.3d at 221; *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Blue*, 34 S.W.3d at 554-55. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, a trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228.

We review the denial of a plea to the jurisdiction *de novo*. *Id*.; *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (citing *Mayhew v. Town of*

3

*Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).  For purposes of this review, we liberally construe the pleadings in favor of jurisdiction, looking to the plaintiff's intent.  *Miranda*, 133 S.W.3d at 226; *Smith*, 69 S.W.3d at 306.

This suit is a statutory cause of action against a state agency, and therefore the plaintiff must comply with certain statutory prerequisites in order for the Whistleblower Act's waiver of sovereign immunity to grant the trial court jurisdiction to hear the case.  *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  A public employee must exhaust the grievance or appeal procedures of the state or local government employer before suing under the Whistleblower Act.  Tex. Gov't Code Ann. § 554.006(a).  If the employer does not render a final decision before the 61st day following the employee's initiation of the process, the employee may terminate the procedures and sue within the time remaining under Section 554.005,[3] or the employee may elect to exhaust the applicable procedures, in which event he must sue, if at all, "not later than the 30th day after the date those procedures are exhausted to obtain relief."  *Id.* § 554.006(d)(1).

McElyea properly invoked the trial court's jurisdiction by alleging facts demonstrating that the court had jurisdiction to hear the case.  *See Miranda*, 133 S.W.3d at 226; *Air Control Bd.*, 852 S.W.2d at 446.  Specifically, his second amended original petition alleges that all conditions precedent to the suit had occurred, including exhaustion of the TDCJ grievance procedure and filing suit on November 15, less than thirty days after October 22, the date upon which the TDCJ notified him that his grievance was denied.  *See* Tex. Gov't Code Ann. § 554.006(d)(1).  When the

---

[3] "Except as provided by Section 554.006, a public employee . . . must sue not later than the 90th day after the date on which the alleged violation of this chapter:  (1) occurred; or (2) was discovered . . ."  Tex. Gov't Code Ann.§ 554.005 (West 2004).

4

TDCJ challenged this jurisdictional fact in the trial court, McElyea substantiated the date of receipt of the letter. *See Miranda*, 133 S.W.3d at 227 (directing courts to consider relevant evidence submitted by the parties if a plea to the jurisdiction challenges existence of jurisdictional facts).

The TDCJ asserts that this fact does not affirmatively demonstrate that the court has jurisdiction. The TDCJ argues that even though McElyea received the notice on October 22, the cause of action accrued on October 8, the date appearing on the heading of its letter, and therefore McElyea's filing suit on November 15 was eight days too late. The TDCJ argues that, by failing to timely file, McElyea failed to comply with the statutory guidelines that would allow the Whistleblower Act's waiver of sovereign immunity to apply, leaving the court without jurisdiction.

The statute provides that the thirty-day time period begins to run once the grievance procedures are "exhausted." Tex. Gov't Code Ann. § 554.006(d)(1). The TDCJ relies on its own guidelines to determine when its procedures are exhausted. According to the TDCJ grievance policy, the "Step Three response shall be given to the grievant in person or mailed, via certified mail, return receipt requested, to the grievant," and the decision is "final, and the grievance procedure is complete once the grievance has been responded to at this step." The TDCJ asserts that this means the procedure is final and complete when the TDCJ personally delivers or *mails* a copy of the response, not, as McElyea argues, when the grievant receives the response. In its brief on appeal, the TDCJ asserts that "[t]he grievance procedure does not make the decision of the responding authority final until such time as the grievant is notified by mail or in person of the decision."

However, even if mailing starts the thirty-day period, in this case, the TDCJ presented no evidence of when it mailed the letter. Therefore, even assuming that the date of mailing is the

5

date that the grievance process is exhausted, the evidence does not support a finding that the period began on October 8.

The TDCJ does not expressly state that it may "respond to" a grievance, render the process final, and thus begin the running of a grievant's thirty-day window to sue merely by generating a decision in its offices without notifying the grievant at all. However, the TDCJ does ask us to hold that, as a matter of law, the time period must be counted from October 8, without evidence that the letter was actually mailed on that date. Where we have no reference to the date other than its appearance on the heading of the TDCJ's letter, such a ruling would allow the TDCJ to declare grievance procedures final (and unilaterally trigger the tolling of the response time) merely by the date on a response letter. This outcome would contradict the TDCJ's own policy and defeat the intent of the Whistleblower Act. *See Feinblatt*, 82 S.W.3d at 522 (listing protection of public employees among primary purposes of Whistleblower Act); *Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 782 (Tex. App.—Fort Worth 2001, pet. dism'd w.o.j.) (noting that Whistleblower Act's requirement of invoking grievance procedures was not intended to penalize employees).

Although it is quite possible that the letter denying McElyea's grievance was mailed on October 8, there is no evidence of that fact, and trial courts must decide jurisdictional questions on the evidence before them. *See Miranda*, 133 S.W.3d at 226; *Blue*, 34 S.W.3d at 554-55. In determining when the grievance procedures were exhausted, the trial court was bound to construe the plaintiff's allegations liberally and in favor of jurisdiction. *Miranda*, 133 S.W.3d at 226; *Smith*, 69 S.W.3d at 306. Because the evidence showed a date of filing, November 15, and only one of the two alleged dates of notification, October 22, it did not raise a fact question on the jurisdictional

6

issue, and the trial court did not err in ruling that McElyea complied with the statutory requirement of filing within thirty days. *See Miranda*, 133 S.W.3d at 228. McElyea complied with the statute and the Whistleblower Act provided the necessary waiver of sovereign immunity and granted the trial court jurisdiction. *See Jones*, 8 S.W.3d at 638. Accordingly, we overrule the TDCJ's points. The court properly denied the TDCJ's plea to the jurisdiction.

## CONCLUSION

The trial court properly decided that there was no incurable defect on the face of plaintiff's pleadings that would deprive it of jurisdiction. We affirm the denial of the TDCJ's plea to the jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 2, 2004